[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNT THREE
This five count substituted complaint involves an accident which occurred on March 11, 1993 when Timothy Malinguaggio, a minor, was struck by a school bus which he had just exited in front of his home.
In count three, directed against Ryder and Triggs the owner and operator of the bus, respectively, Patricia Malinguaggio, mother of Timothy, alleges that at the time of the accident, she was standing on her front porch; at that time, she saw the bus moving toward Timothy, and she saw Timothy being struck by the bus; she screamed and ran to help him and in the process fell and injured herself. She alleges that her physical and emotional injuries were caused by the negligence of Ryder and Triggs.
This count alleges claims based on negligent infliction of emotional damages to a bystander as well as a claim for damages CT Page 5261-TTTTTTT for the physical injury based on negligence.
On May 31, 1996, Ryder and Triggs filed this motion to strike count three of the substitute complaint.
— I —
In the recent case of Clohessy v. Bachelor, 237 Conn. 31
(1996) our Supreme Court set out a four part test for determining whether a bystander who witnesses an accident may recover for her own emotional distress. "(1) He or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." Id., 56.
The first two conditions are clearly satisfied in this case since Patricia is the mother of Timothy, the injury victim, and she witnessed the entire accident.
The third condition, requires Timothy's injuries to be "substantial"; that is, they must have resulted in "death or serious physical injury." Plaintiffs allege that Timothy suffered, "bruises, strains, sprains and abrasions to his left shoulder, right arm, right hand and right leg . . . [a] fracture of his right heel . . . and a fracture of his right hand. . . ." While Timothy did not die, and there is a question of fact as to whether his was a "serious physical injury," in considering a motion to strike the court must construe the allegations in the complaint most favorably to the plaintiff. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 215 (1992). Accordingly these alleged injuries must be considered serious enough to be legally sufficient to meet the third condition.
As to the fourth condition, the question is whether Patricia has alleged injuries which are beyond those which would be anticipated in a disinterested witness and which are not the result of an abnormal response. As the mother of Timothy, she is obviously not a disinterested witness. She has alleged "severe CT Page 5261-UUUUUUU emotional distress . . . post-traumatic stress disorder . . . continuous worry over her child's safety and development . . . and severe shock to her nervous system. . . ." Again, these claims present questions of fact, but considering them "in the light most favorable to the plaintiff," it appears that she has alleged emotional injury which is serious and "`beyond that which would be anticipated in a disinterested witness." Accordingly, it is concluded that the allegations in count three meet the requirements of the Clohessy test and, therefore, sufficiently allege a cause of action for bystander emotional distress.
— II —
In count three, Patricia also claims that the negligence of Ryder and Triggs caused her to fall and injure herself while she was running to the aid of Timothy and that her injuries were a foreseeable consequence of her son's accident. Defendants argue that there is no authority supporting an action to recover damages arising from the trip and fall of a bystander rushing to aid an accident victim and that Ryder and Triggs owed no duty to Patricia with respect to her physical injury.
The test for determining the existence of such a duty is "would the ordinary person in the defendants' position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" Clohessyv. Bachelor, supra, 237 Conn. 45. Essentially, the court must determine "whether the defendant's responsibility should extend to such results." Id., 46.
It is arguable that Ryder and Triggs should have anticipated that Patricia would run to the aid of her son when she witnessed the accident, but there is no basis for holding that they should have anticipated that she would fall and injure herself in the process. Patricia has alleged no facts demonstrating that the defendants knew or should have known that she would suffer physical injuries as a result of their negligence; she has merely alleged that their negligence caused them. This conclusion of law "unsupported by the facts alleged" is not sufficient to sustain a claim of negligence. Novametrix Medical Systems, Inc. v. BOCGroup, Inc., supra, 224 Conn. 215.
Defendants' motion to strike is granted with respect to Patricia Malinguaggio's claim for physical injuries, and denied with respect to her claim for negligent infliction of emotional CT Page 5261-VVVVVVV damages.
Jerry Wagner State Trial Referee